Chancellor Rutledge
delivered the decree of the court.
The question in this case is, whether the house and lot ni bill mentioned is exclusively liable for the annuity b.e-queathed to complainant by Mrs. Poaug, who, by will makes her whole real estate chargeable with the payment of it? If the defendant Tunno had been a purchaser for valuable consideration without notice, it would certainly not have been exclusively liable : but it is in evidence that before he had compleated his contract with Mr. P, he knew of the incumbrance, for Mr. Robertson expressly swears to that fact, and says also that Mr. Poaug said he would pay the annuity. The defendant Tunno, in a-letter to Mr. Turnbull in 1803, nearly 8 years after his purchase, acknowledges that the house on the Bay, sold to him by Mr. P. was chargeable with the annuity during complainant’s life, for the payment of which it was secured, and made liable. From this acknowledgment of T. therefore it may very reasonably be presumed that there was some agreement between Poaug and himself respectingthis transaction, though to be sure he has sworn to the contrary.— In another part of the same letter, he says he imagined the executors would not expect any further payment on his bond during the continuance of the incumbrance. If therefore he neglected to withhold p'ayment of so much of *564 tbe purchase money as would secure the annuity, it was his own fault, and that is no reason why other innocent purchasers, without notice, should be obliged to coutri-bute to the payment of the annuity. The defendant T. is out of the question, he has no immediate interest in the premises, for he has released all his right to the defendant Bremar, who by his answer, acknowledges the title to be in him — that the house is liable to pay the annuity, and that he has no objection to its being sold. To invalidate Tunuo’s conveyance to Bremar, a deed of defeasance executed on the same day by Bremar to Mrs. T covenanting to convey the house to her on being paid by her at the end of five years, the sum of 40611. was produced in evidence on the part of T. Upon examining this deed, it will be found that, it is therein recognized that the house, &c. is subject to the incumbrance of the annuity, and that if he Bremar, or the lot should be made subject or liable to the annuity or taxes, &c. then the deed is to be absolutely void. Executions have been issued for taxes, and the house levied op. Though this deed was produced- in evidence and submitted to the court, for the present we shall give no further opinion than that the property still appears to us to be in the defendant Bremar, from his answer, and the evidence offered by complainant. The court are'of opinion, that the house, &c. must be considered as exclusively liable, and subject to the payment of complainant’s annuity.
An order of reference to the master was then made to, examine and report the arrears of annuity.